IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:06-1275-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Michael F. Myers, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Michael F. Myers' ("Myers") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court summarily dismisses Myers' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2007, Myers was found guilty after a jury trial of one count of conspiracy to possess with intent to distribute marijuana, one count of maintaining drug-involved premises, and twenty-eight counts of knowing and intentional distribution of controlled substances. On May 30, 2007, Myers was sentenced to seventy-eight (78) months' imprisonment. Myers appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on May 21, 2008. United States v. Myers, No. 07-4564, 2008 WL 2131175, at *2 (4th Cir. May 21, 2008) (unpublished). Myers filed a § 2255 motion on March 10, 2009.[1] The court ordered Myers to file his § 2255 motion on the proper form within twenty (20) days. Myers filed his § 2255 motion in proper form on March 23, 2009.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF THE LAW

Myers alleges that (1) his trial counsel, Richard Warder ("Warder"), was constitutionally ineffective, (2) the prosecutor failed to disclose evidence favorable to his defense, and (3) his conviction was based on the use of evidence obtained pursuant to an unlawful search and seizure. (Myers' § 2255 Mot. 5.) The court will address Myers' claims below.

### A. Ineffective Assistance of Counsel

Myers alleges that his counsel was constitutionally ineffective for failing to (1) seek a continuance prior to trial; (2) familiarize himself with discovery materials; (3) highlight factual inconsistencies during cross-examinations of witnesses; (4) file a motion to suppress evidence obtained during the search of Myers' home; and (5) provide sufficient assistance during sentencing. (Myers' Mem. Supp. § 2255 Mot., generally.)

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Myers must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). In order to prove prejudice, Myers must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

### 1. Failure to Seek Continuance and
### Become Familiar with Discovery Materials

Myers alleges that Warder was ineffective for failure to file a motion for a continuance. (Myers' Mem. Supp. § 2255 Mot. 11.) Myers argues that a continuance was necessary to allow Warder to become more familiar with the discovery materials. (Id. at 10.) According to Myers, Warder "assured [him] that he would talk to the prosecutor and/or Judge Herlong to seek a delay [in beginning the trial] in order that subpoenas for medical records, witnesses, and other defense related items could be arranged." (Id. at 9.) On March 6, 2007, Warder informed Myers that "his request to have the trial delayed had been denied." (Id. at 10.) Myers now argues that "Warder never filed a motion or asked the court for a delay or postponement of the start of my trial as he told me that he had done." (Id. at 11.)

"To succeed in [his] ineffective assistance of counsel claim, [Myers] must overcome the presumption that the challenged action may be considered an appropriate and necessary . . . strategy under the circumstances." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995). Myers does not present sufficient evidence to indicate that Warder's decision not to file for a continuance was unreasonable. While Myers states that Warder was "totally unfamiliar with the issues involved in my case," he fails to provide any specific witnesses, facts, evidence, or details to illustrate Warder's lack of preparation and familiarity with the case. Based on the foregoing, Myers has not shown that Warder was constitutionally ineffective for failing to seek a continuance. See Knox v. Johnson, 63 F. Supp. 2d 751, 765 (S.D. Tex. 1999) (finding counsel's failure to move for continuance "was not ineffective assistance of counsel, but . . . sound trial

strategy.")  Furthermore, Myers has failed to prove that Warder's failure to file for a continuance prejudiced him.

### 2. Insufficient Cross-Examination

Next, Myers argues that Warder was ineffective for failing to highlight factual inconsistencies during cross-examination of the Government's witnesses.  (Myers' Mem. Supp. § 2255 Mot. 16.)  Myers alleges that if Warder had asked the questions that he suggested on cross-examination to highlight the numerous inconsistencies, then Myers would have been found not guilty by the jury.  (Id. at 19, 20, 25, 26, 27, 29, 31, 39, 40, 55, 56, 57.)  According to Myers, during trial, for example, several witnesses stated that Myers kept drugs in a safe found in his bedroom.  Myers claims that he informed Warder that he did not have a safe located in his bedroom and that he also provided Warder with photographs of his bedroom.  Myers also argues that "photos taken by investigators during their May 10, 2006 search of [his] residence . . . also did not show any safe in [his] bedroom."  (Id. at 20.)  Nevertheless, Warder failed to use the photographs or question the witnesses about the location of the safe on cross-examination.  According to Myers, Warder was ineffective in failing to use photographs to discredit the witnesses on cross-examination.  (Id.)

Myers' ineffective assistance argument based on Warder's alleged failure to cross-examine on the alleged inconsistencies is without merit.  First, "[d]irect- and cross-examination techniques are matters of trial strategy left to the discretion of counsel."  Barnes v. United States, 859 F.2d 607, 608 (8th Cir. 1988).  "Furthermore, a defense counsel's trial strategy, which would include his asking or refraining from asking certain questions of witnesses, does not reach constitutional proportions."  United States v. Hughes, 635 F.2d 449, 452 (5th Cir. 1981).

Second, Myers was given the opportunity during trial to provide the jury with an account of the facts and explain any inconsistencies that may have been presented during the Government's case in chief. Myers stated, "[t]o Mr. Warder's credit during his questioning of [me and my wife] he at least allowed us to tell our side of the story . . . ." (Myers' Mem. Supp. § 2255 Mot. 57.) As Myers acknowledged, he was given the opportunity to "tell [his] side of the story" to the members of the jury and cannot now argue that "it was too late" to explain any inconsistencies by the time he testified. (Id. at 57-58.) Based on the foregoing, Warder was not constitutionally ineffective for failing to ask certain questions on cross-examination of witnesses. Further, Myers has failed to show any prejudice from Warder's alleged failure.

### 3. Failure to File Motion to Suppress Evidence

Additionally, Myers alleges that Warder was ineffective for failing to file a motion to suppress "all materials in evidence that were confiscated from [his] home on May 10, 2006 as the search warrant was" illegally obtained. (Id. at 24.) Myers alleges that the items confiscated on May 10, 2006, were seized pursuant to an illegally obtained search warrant. Because Myers' Fourth Amendment argument fails on the merits for the reasons discussed below, Warder was not constitutionally ineffective for failing to file a meritless motion to suppress.

### 4. Lack of Assistance at Sentencing

Lastly, Myers argues that Warder provided constitutionally ineffective assistance at sentencing because Warder (1) met with him for only fifteen minutes before sentencing and (2) failed to ask the court to allow him to self-surrender. (Id. at 60.) According to Myers, he wanted the court "to grant [him] self surrender so that [he] could sell [his] home and try to make some

arrangements for [his] family [but] Warder . . . advised [him] not to cause trouble by objecting or complaining at [the] sentencing hearing." (Id. at 60-61.)

Nevertheless, at sentencing, when asked by the court whether he had enough time to discuss the matter with his attorney, Myers answered, "Yes, sir." (Sentencing Tr. at 2.) When asked if Myers was satisfied thus far with the representation of his attorney, Myers again answered, "Yes, sir." (Id.) And when asked if Myers had any complaints of his attorney or anyone else in connection with this case, Myers answered, "No, sir." (Id.) Moreover, during sentencing Myers addressed the court stating,

> [a]nd I hope that in sentencing today you can see fit to allow my wife and I–or to allow either of us–to self-surrender so we can try to dispose of the 28 years of marriage, things that we have collected, all of my business so that I can begin to make restitution with my family, try to take care of my children and provide them a home.

(Id. at 5.) Hence, even if Warder informed Myers that it was not in his best interest to seek self-surrender, Myers asked the court to allow him to self-surrender. Accordingly, Myers' argument is without merit.

### B. Brady Claim

In his second claim, Myers alleges that the Government violated Brady v. Maryland, 373 U.S. 83 (1963), in failing to disclose exculpatory evidence. (Myers' Mem. Supp. § 2255 Mot. 23.) Myers did not raise this claim on appeal. In general, a § 2255 motion "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). Thus, when a "defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a federal habeas proceeding only if the defendant can show both cause for and actual prejudice from the default, or that he is actually innocent." United States v. Harris, 183 F.3d 313, 317 (4th

Cir. 1999) (internal citation omitted). Myers has failed to show cause or prejudice for failure to raise this claim on appeal.

In addition, Myers' Brady claim fails on the merits. Myers alleges that the Government failed to provide him with exculpatory evidence as required by Brady. "A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Youngblood v. West Virginia, 547 U.S. 867, 869 (2006). Further,

> there is never a real "Brady violation" unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict. There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [Government], either willfully or inadvertently; and prejudice must have ensued.

Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

Specifically, Myers submits that he never received the following exculpatory evidence: an undercover audiotape recording, a copy of a prescription issued to Patient "A," and an un-redacted copy of the Drug Enforcement Administration's ("DEA") first interview of Adam Munson ("Munson").

Myers' Brady claim for the Government's alleged failure to disclose the audiotape is without merit. According to Myers,

> [i]n the discovery materials was a reference to an undercover operation recorded on audiotape alleging my participation . . . . This could possibly be considered exculpatory evidence held by the prosecutor. This document also supports my suspicion that there may be a body of exculpatory documents unavailable to me, but accumulated during the DEA's undercover patient visits to my office. . . . As well a second major item was missing from the discovery materials. . . . [T]here were no copies of prescriptions issued to patient "A," now rightly assumed to be Gary Barton. In fact a notation is made in the discovery, penciled in, "Gary Barton's scripts coming from Adam". . . . It would be critical to my defense to

> have available a copy of these prescriptions. Many of them I am sure were altered after legitimate issue or outright forgeries.

(Myers' Mem. Supp. § 2255 Mot. 6.) On January 10, 2007, Warder filed a motion to disclose electronic surveillance whereby he specifically requested

> [a] copy of all transcripts, logs, tapes, *recordings*, including consent recordings, memoranda, notes and all other documents reflecting or relating to conversations between [Myers], and any other person or between any codefendant or alleged co-conspirator and any other person which was overhead [sic] by the Government or any person acting at its behest, either in person or through the use of a wiretap, transmitting device, or any other electronic or mechanical means.

(Def.'s Mot. Disclose Electronic Surveillance 1.) (emphasis added). Following his motion to disclose, Warder never filed a motion to compel this evidence and Myers has presented no evidence that Warder did not receive the audiotape. Moreover, Myers has not demonstrated that the contents of the audiotape are exculpatory. The mere allegation that evidence is exculpatory, does not automatically deem it as evidence that is favorable to a defendant.

Additionally, Myers' allegation that the Patient "A" prescriptions were withheld is without merit. A "prosecutor is not required to deliver his entire file to defense counsel, but *only* to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 675 (1985) (emphasis added). "[A] rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor and would undermine the interest in the finality of judgments." Id. n.7. The alleged failure to disclose did not deprive Myers of a fair trial. Moreover, Myers admits that the prescriptions were entered into evidence by the Government during its case in chief. Myers had a full opportunity to challenge

the veracity of this evidence. Accordingly, it was not suppressed by the Government and thus there is no Brady violation.

Finally, Myers alleges that he initially did not receive a copy of Munson's first interview in his discovery materials. (Id. at 21.) He later received a "heavily redacted 4 page interview" which he concluded was the first interview with Munson. According to Myers, if "one reads through the redactments applied by the prosecutor prior to this release of discovery materials . . . one notices information that is contradictory to information from Mr. Munson's second interview with the DEA and his trial testimony." (Id.) Myers' claim regarding the first Munson interview redactions is without merit. Only the names of individuals discussed throughout the interview are redacted in the four-page report.[2] All other facts that the interviewee provided are un-redacted. As such, Myers' argument that the redactions constituted withholding exculpatory evidence is without merit.

### C. Fourth Amendment Search and Seizure Claim

Lastly, Myers alleges that the search warrant procured to search his home on May 10, 2006, was improperly obtained and thus the search was unconstitutional. On May 9, 2006, Investigator J.J. Garrett ("Garrett") "collected abandoned bags of items on the curb in front of 103 Timber Stone Way Simpsonville, SC [Myers' home]." (Myers' § 2255 Mot. Attach. A (Greenville County Sheriff's Office Supplemental Report, May 9, 2006).) The evidence collected included loose cigar tobacco, a green plant substance which later tested positive as

---

[2] The court is unaware as to whether Munson is the actual person being interviewed in this report as the name has been redacted. However, the initials "AM" appear at the bottom of the report.

marijuana, papers with Myers' name, and empty cigar rolling papers. These items provided probable cause for the search warrant. (Id.) Myers argues,

> Mr. Garret[] . . . mislead the court when obtaining his search warrant on May 9, 2006. He stated that he removed the garbage from the top of the can off of the curb from the public roadway in front of my residence. . . . There is no curb in front of my home to place garbage on for a pickup. Garbage is always placed in the rolling container and pushed to the end of the driveway the night before or morning of pickup . . . . These officers came onto my private property and took my trash, then they mislead others to obtain their search warrant.

(Myer's Mem. Supp. § 2255 Mot. 23-24.) Myers' claim is without merit as it fails to provide facts to demonstrate that there was no probable cause to issue the search warrant. Items found within disposed trash may provide probable cause for a search warrant. See United States v. Gary, 528 F.3d 324, 328 (4th Cir. 2008) ("The magistrate's determination of probable cause rested on the actual facts of the trash can search . . . . Officer Graves thus had probable cause to believe there was illegal conduct.")

Moreover, Myers' argument that taking garbage from his trash bin violated his privacy is without merit. The Fourth Amendment generally does not protect trash placed for collection outside a residence. "[A]bsent proof that a person has made some special arrangement for the disposition of his garbage inviolate, he has no reasonable expectation of privacy with respect to it once he has placed it for collection." United States v. Crowell, 586 F.2d 1020, 1025 (4th Cir. 1978). "The act of placing it for collection is an act of abandonment and what happens to it thereafter is not within the protection of the fourth amendment." Id. Myers has failed to demonstrate that he made special arrangements for the disposition of his garbage and as such his claim is without merit. Based on the foregoing, Myers' Fourth Amendment claim fails on the merits.

It is therefore

**ORDERED** that Myers' § 2255 motions, docket numbers 143 and 146, are dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
April 14, 2009

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

11